IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN P. KELLY                                                                                          PLAINTIFF

        v.                                    Civil No. 06-5179

WAL-MART, INC.;
CHRISTINE DOWNTON;
GARY DOWNTON; and
WAL-MART STORE #2092                                                                             DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's complaint was filed *nunc pro tunc* to September 18, 2006. Plaintiff sought and was granted leave to proceed in forma pauperis. The case is before the undersigned for a determination of whether the defendants should be served.

## **DISCUSSION**

This is a diversity action for libel, slander, assault, and religious based harassment. 28 U.S.C. § 1332. Plaintiff, Stephen P. Kelly, is a citizen of the State of Washington. The individual defendants, Christine Downton and Gary Downton, are citizens of New York. Wal-Mart, Inc., maintains its principal place of business in Arkansas. Wal-Mart Store #2092 is located in Ogdensburg, New York. Gary and Christine Downton are alleged to be associates in Store #2092.

According to the complaint, Kelly had been visiting in St. Lawrence County, New York, and during the visit attended a Pentecostal church, the Thousand Islands Christian Church (TICC). Kelly alleges Gary and Christine Downton both regularly attended TICC and claimed to be missionaries/ministers.

-1-

AO72A
(Rev. 8/82)

Kelly states he later learned TICC was a cult and discontinued his attendance. While a customer at Store #2092, Kelly states the Downtons engaged in a continuous pattern of religious based testimony directed towards him and accused him of being a drug dealer. Kelly alleges the management of Wal-Mart had notice of the misconduct of the Downtons and took no action to discourage it.

Under section 1391 (a) venue is proper in diversity actions in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

All the events at issue in this case occurred in Ogdensburg, New York. Christine Downton, Gary Downton, and the store at which the vast majority of the events are said to have occurred are all in Ogdensburg, New York. This case has no connection with Arkansas at all other than the fact that Wal-Mart's home office is in this state.

As plaintiff may rely on § 1391(a)(3) to bring the case in Arkansas only if there is no district in which the action may otherwise be brought, *see e.g., Algodonera De Las Cabezas, S.A. v. American Suisse*, 432 F.3d 1343 (11th Cir. 2005)(venue may be predicated on the fallback subsection (a)(3) only when no other subsection is satisfied), we conclude venue is improper in this district. Under 28 U.S.C. § 1406(a), this court may transfer this case to a district in which this case could have been brought. The case should have been brought in the Northern District of New York as that is the district where the individual defendants reside and in which the events

-2-

occurred. Therefore, it appears the interests of justice would best be served by transferring this case to the Northern District of New York, Watertown Division, Jefferson County Courthouse, Dulles State Office Building, 317 Washington Street, 10th Floor, Watertown, New York 13601.

## CONCLUSION

I therefore recommend that this case be transferred to the Northern District of New York, Watertown Division. 28 U.S.C. § 1406(a). The court will leave the issue of whether the defendants should be served to be decided by the Northern District of New York.

**Kelly has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Kelly is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

-3-

AO72A
(Rev. 8/82)