UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
................................................................................
STEPHEN P. KELLY,

                                           Plaintiff,

       -v.-                                        7:07-CV-0089
                                                     [TJM][GJD]
WAL-MART, INC.; CHRISTINE DOWNTON;
GARY DOWNTON; WAL-MART STORE #2092,

                                        Defendants.
................................................................................

THOMAS J. MCAVOY, SENIOR JUDGE

## DECISION AND ORDER

I.     Background

       This action was transferred to this District from the Western District of Arkansas

on January 24, 2007.

       On February 8, 2007, this Court issued an Order which directed Plaintiff to either

effect service on the defendants and file proof of service with the Court or submit a

summons and USM 285 form for the U.S. Marshals Service to serve defendants. Dkt.

No. 9.  Plaintiff failed to comply with the February Order, so on April 11, 2007

Magistrate Judge Gustave J. DiBianco issued an order that gave Plaintiff sixty (60) days

to complete and return the necessary paperwork to effect service on the defendants.

Plaintiff was also advised of his obligation to promptly notify the Clerk's Office and all

parties of any change in his address.  Dkt. No. 10.  On June 1, 2007 the Clerk's Office

received a letter from Plaintiff indicating that his address had changed and requesting

the status of his action.  Dkt. No. 12.  In response to his letter the Clerk sent Plaintiff a

courtesy copy of the docket sheet, the Court's two (2) previous Orders and a copy of

the Pro Se Handbook. Thereafter, on June 19, 2007, Magistrate Judge DiBianco issued

an Order, granting Plaintiff an extension of time until July 30, 2007 to submit the

necessary paperwork for the U.S. Marshals Service to effect service of process on the

defendants. Dkt. No. 13.  On July 16, 2007, the Pro Se Handbook and copies that were

sent to Plaintiff on June 1, 1007 were returned to the Court as undeliverable.  Dkt. No.

14.  Furthermore, on September 17, 2007, Magistrate Judge DiBianco's June 19, 2007

Order was also returned as undeliverable.  Dkt. No. 15.

II.      Discussion

        Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in

its discretion, dismiss an action based upon the failure of a Plaintiff to prosecute an

action or comply with any order of the court.  *Link v. Wabash Railroad County*

*Independent School District,* 370 U.S. 626 (1962).  This power to dismiss may be

exercised when necessary to achieve orderly and expeditious disposition of cases.  *See*

*Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996)

(Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, *1 (S.D.N.Y.

Jan. 14, 1994) (other citations omitted)).

        Moreover, a Plaintiff has the duty to inform the court of any address changes.

As then-District Judge Pooler has stated:

> It is neither feasible nor legally required that the clerks of the district courts
> undertake independently to maintain current addresses on all parties to
> pending actions.  It is incumbent upon litigants to inform the clerk of
> address changes, for it is manifest that communications between the clerk
> and the parties or their counsel will be conducted principally by mail.  In
> addition to keeping the clerk informed of any change of address, parties

2

are obliged to make timely status inquiries.  Address changes normally
would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (N.D.N.Y

Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19,

1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of

Practice for the Northern District of New York.

Additionally, Plaintiff was previously advised by the Court that he was required to

promptly notify the Clerk's Office of any change in his address, and that his failure to

keep such office apprised of his current address would result in the dismissal of the

instant action.  Dkt. No. 10 at 4; Dkt. No. 13 at 4.

This matter cannot proceed without notification to the Court by the Plaintiff of his

current address.  Since Plaintiff has failed to inform the Court of same, it is hereby

**ORDERED**, that this action is dismissed, unless Plaintiff notifies the Court **within

thirty (30) days** of his current address.  *See* Local Rule 41.2(b) (dismissal of action

appropriate where plaintiff fails to notify Court of change of address), and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the Plaintiff hereto, by

regular mail.

**IT IS SO ORDERED**.
Dated:September 26, 2007

Thomas J. McAvoy
Senior, U.S. District Judge